UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case No.: 0:14-cv-62092

DYCK-O'NEAL, INC.,

    Plaintiff,

vs.

FRIDA SANON and TERALTA SANON,

    Defendants.
_____

FRIDA SANON and TERALTA SANON,

    Counter-Plaintiffs,

vs.

DYCK-O'NEAL, INC. and THE LAW OFFICES
OF DANIEL C. CONSUEGRA

    Counter-Defendants.
_____/

**PLAINTIFF/COUNTER-DEFENDANT'S UNOPPOSED MOTION TO REMAND**

COMES NOW, Plaintiff/Counter-Defendant DYCK-O'NEAL, INC. ("DONI"), by and through its under signed counsel, and hereby files this, Unopposed Motion to Remand, and states the following in support thereof:

**I.    Factual background / Procedural History.**

Defendants/Counter-Plaintiffs removed this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida on September 11, 2014 pursuant to 28 U.S.C. § 1332(d)(2), 28 U.S.C. § 1441(b), 28 U.S.C. § 1441(c), and 28 U.S.C. § 1446.. *See,* DE 1. The purported basis for Defendants/Counter-Plaintiffs' removal of this action

to this Court arises solely from Defendant/Counter-Plaintiffs' counterclaim against DONI. *Ibid.* at p. 2 ("Dyck-O'Neal's original Complaint was not removable; however, as explained below, the Sanons' Counterclaim is the first documents in the state action 'from which it may first be ascertained that the case is one which is or has become removable' pursuant to 28 U.S.C. § 1446(B)(3)"); *see also*, DE 1-1 (demonstrating the absence of a federal cause of action in the state court Complaint).[1]

Through the instant Unopposed Motion, DONI seeks an Order from this Honorable Court as a counterclaim may not serve as the basis for removal to federal court when the original complaint asserts only state law claims.

**II.     Legal Argument.**

Under § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The decision whether a claim arises under federal law for purposes of § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.,* 236 F.3d 1292, 1310 (11th Cir.2001) (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith,* 236 F.3d at 1310 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Under the well-pleaded complaint rule, "merely having a federal defense to a state law claim is insufficient to support removal." *Lontz v. Tharp,* 413 F.3d

---

[1] While the original Complaint may have in fact been removable pursuant to 28 U.S.C. § 1441(b), it was not timely removed by Plaintiffs.

435, 439 (4th Cir.2005) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."). "[T]he basic principle [is] that defendants may remove only on the basis of claims brought *against* them and not on the basis of counterclaims, cross-claims, or defenses asserted *by* them. Charles Alan Wright, Arthur R. Miller & Edward Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3731 (1998) (emphasis in original). Additionally, "[a] defendant's counterclaim, even when seeking more than the jurisdictional amount, cannot serve as the basis for establishing the requisite amount in controversy for federal diversity jurisdiction." *BB & T Fin., FSB v. DeGeorge*, 3:13-CV-00478-UATC, 2013 WL 4780067, at *2 (M.D. Fla. Sept. 5, 2013); *see also, Ericsson GE Mobile Commun., Inc. v. Motorola Commun. & Electronics, Inc.*, 120 F.3d 216, 219 (11th Cir. 1997).

In the instant case, as detailed above, Defendants/Counter-Plaintiffs' Notice of Removal (DE 1) demonstrates that the sole basis for the removal of this action to this Court is the Counterclaim filed by Defendants/Counter-Plaintiffs against Plaintiff/Counter-Defendant. However, because it is well-settled that a counterclaim may not serve as the basis for either diversity or federal question jurisdiction, this action must be remanded to state court as it was improvidently removed.

WHEREFORE Plaintiff/Counter-Defendant DYCK-O'NEAL, INC. respectfully requests an Order from this Honorable Court GRANTING this Unopposed Motion to Remand.

### Certificate of Compliance with Local Rule 7.1(a)(3)(B)

The undersigned hereby certifies that counsel for the movant has conferred in good faith with counsel for all parties to this action regarding the relief sought in the instant Motion and that no party opposes the relief requested herein.

**[Attorney signature appears on the following page]**

Respectfully submitted by:

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 4, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808