UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-cv-62092-MIDDLEBROOKS/BRANNON

DYCK-O'NEIL, INC.,

    Plaintiff,

v.

FRIDA SANON and TERALTA SANON,

    Defendants.
_____

FRIDA SANON and TERALTA SANON,

    Counter-Plaintiffs,

v.

DYCK-O'NEIL, INC. and THE LAW
OFFICES OF DANIEL C. CONSUEGRA

    Counter-Defendants.
_____/

## ORDER ON UNOPPOSED MOTION TO REMAND

THIS CAUSE comes before the Court upon Plaintiff/Counter-Defendant Dyck-O'Neal's Unopposed Motion to Remand [DE 11] ("Motion"), filed December 4, 2014. Plaintiff/Counter-Defendant argues that this matter should be remanded back to the Seventeenth Judicial Circuit in and for Broward County, Florida because "a counterclaim may not serve as the basis for removal to federal court when the original complaint asserts only state law claims." [DE 11 at 2]. No party opposes the relief sought by this Motion.

**I. Background**

This action arises out of a foreclosure sale which left a deficiency in the sum of

$269,342.63, plus interest, costs, and attorneys' fees, owed by Defendants to Plaintiff. Counter-Defendants then brought a Class Action Counter Complaint under the Fair Debt Collection Practices Act ("FDCPA"). The Notice of Removal acknowledges that the "original Complaint was not removable." [*Id.*]. However, Defendants/Counter-Plaintiffs Frida Sanon and Teralta Sanon ("Sanons") removed this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on September 11, 2014 on the grounds that "[t]he Sanons' *Counterclaim* invokes diversity [and federal question] jurisdiction." [DE 1 at 2-3] (emphasis added). In the instant Motion, Plaintiff/Counter-Defendant Dyck-O'Neal, Inc. asserts that "a counterclaim may not serve as the basis for removal to federal court when the original complaint asserts only state law claims." [DE 11 at 2].

**II. Legal Standard**

Any action initially brought in state court may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One type of civil action that a district court has original jurisdiction over is one between "citizens of different states" where the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). To establish diversity jurisdiction, the parties must be completely diverse, meaning a plaintiff and a defendant may not be a citizen of the same state. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

District courts also have federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a case "arises under" federal law for purposes of § 1331 is governed by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A well-pleaded

complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith*, 236 F.3d at 1310 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)). A counterclaim cannot establish federal question jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("Allowing a counterclaim to establish 'arising under' jurisdiction would . . . contravene the longstanding policies underlying our precedents.").

The burden of proving any jurisdictional fact rests upon the party seeking to invoke the jurisdiction of the federal courts. *Fowler v. Safeco Ins. Co. of Am.*, 915 F. 2d 616, 617 (11th Cir. 1990). Any doubt as to the appropriateness of removal must be resolved against accepting removal jurisdiction and in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003).

### III. Discussion

The Sanons' Notice of Removal alleges that diversity jurisdiction exists because Plaintiff/Counter-Defendant "Dyck-O' Neal is a corporation with its principle place of business in Texas," Counter-Defendant "Consuegra Law is a law firm with its principle place of business in Tampa, Florida," and Defendants/Counter-Plaintiffs "[t]he Sanons are individuals who reside in Miami-Dade County, Florida." [DE 1 at 3]. However, "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Residence alone is not enough." *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citations omitted). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and domicile requires both residence in a state and "an intention to remain there indefinitely . . . ."

*McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks omitted). Accordingly, the jurisdictional allegations in Defendants/Counter-Plaintiffs' removal papers are inadequate to support diversity jurisdiction.

Turning to the Sanons' argument that their own counterclaim invokes federal question jurisdiction, it is well-established that a counterclaim cannot establish federal question jurisdiction. As the Supreme Court explained in *Holmes*:

> Allowing a counterclaim to establish 'arising under' jurisdiction would . . . contravene the longstanding policies underlying our precedents. First, since the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, . . . to have the cause heard in state court. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. . . . Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the due regard for the rightful independence of state governments that our cases addressing removal require. And finally, allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine . . . .

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002) (quotations and citations omitted). Because Defendants/Counter-Plaintiffs Frida Sanon and Teralta Sanon have failed to meet their burden of proving jurisdictional facts to support removal, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff/Counter-Defendant Dyck-O'Neal's Unopposed Motion to Remand [DE 11] is **GRANTED**. This case is **REMANDED** to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

**SO ORDERED** in Chambers in West Palm Beach, Florida, this ___ day of January, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record

4